# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MICHAEL BRADFORD,

    Plaintiff,

v.

US BANK NATIONAL ASSOCIATION, et al.,

    Defendants.

Case No. 2:11-cv-825
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court on Defendants' motion to dismiss (ECF No. 7) and Plaintiff's memorandum in opposition to Defendants' motion (ECF No. 16). For the reasons the follow, the Court **GRANTS** Defendants' motion.

### I. Background

The facts in this section are taken from the complaint (ECF No. 4) and the state court record in the foreclosure action *US Bank National Association, etc. v. Michael H. Bradford*, *et al.*, Case No. 07-CV-E-12-1513 ("State Court Action") decided by the Common Please Court of Delaware Ohio, of which this Court takes judicial notice. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005); *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").

On December 1, 2004, Plaintiff Michael Bradford purchased a residential dwelling

located at 6893 South Section Line Road, Delaware, Ohio 43015. Bradford's purchase of the property was financed by a loan from Aegis Funding Corporation, evidenced by a note in the amount of $320,800.00. Repayment of the loan was secured by a mortgage against the property in the amount of $320,800.00. In the State Court Action, the Delaware County Court of Common Pleas found that Defendant US Bank is the current holder of the note and mortgage and a judgment was entered in its favor.

US Bank filed the State Court Action on December 14, 2007 and filed an amended complaint on November 4, 2008. Mr. Bradford filed an answer, denying the allegations contained in the foreclosure complaint and asserting various counterclaims against US Bank. On April 2, 2010, the state court granted US Bank's motion for summary judgment, finding that funds were due to US Bank on the promissory note and that US Bank was entitled to enforce the mortgage as the current holder/owner of the note and mortgage. The state court also dismissed Bradford's counterclaims, finding that he had released the claims by accepting a loan modification.

After issuance of the decision on summary judgment, and also on April 2, 2010, the state court issued a final judgment entry. In that entry, the court found that Mr. Bradford owed US Bank$356,423.56 plus interest at an annual rate of 10.18% from April 1, 2008. The court provided Bradford three days to pay the amount in full or the property would be foreclosed and sold by the Sheriff of Delaware County pursuant to specific instructions given in the judgment entry.

On April 13, 2011, Mr. Bradford filed a motion for leave to file a delayed appeal on this decree of foreclosure in favor of US Bank in the State Court Action. On May 25, 2011, the Fifth

District Court of Appeals of Ohio denied Bradford's motion to file a delayed appeal and assessed costs to him.

On June 27, 2011, the state court approved and confirmed the Sheriff's sale of the property for the amount of $191,000.00. No appeal was taken from this final, appealable order.

On August 16, 2011, Mr. Bradford, represented by counsel, filed the current action in the Delaware County Court of Common Pleas, requesting a temporary restraining order to delay the pending eviction and seeking compensatory and punitive damages. On August 22, 2011, the state court issued a "Judgment Entry" on "Count 1 of [Bradford's] complaint for "Emergency Temporary and Permanent Injunctive Relief" because he failed to comply with Ohio Civil Rule 65. On the same day, the state court also issued a "Judgment Entry" denying Bradford's "Request for a Temporary Restraining Order to Stay Eviction."

## II. Standards

### A. *Pro Se* Litigants

In this case, as in the State Court Action, Plaintiff has at times had counsel and at times has not. Plaintiff had counsel at the time he filed this action, but is currently proceeding without the assistance of counsel. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall*, 935 F.2d at 1110). *See also Derrick v. Dana Driveshaft Mfg., LLC*, No. 3:09CV793, 2010 U.S. Dist. LEXIS 91243, at *8 (N.D. Ohio Sept. 2, 2010) (a plaintiff's *pro se* status "does not relieve him of the bar imposed by *res judicata*")

**B. Failure to State A Claim**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. "The court must 'accept all the . . . factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[].' " *Louisville/Jefferson County Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

### III. Discussion

US Bank argues that Mr. Bradford's case is barred by the doctrine of *res judicata* and collateral estoppel because "Bradford's entire Complaint is based on issues that were, or could

4

have been, raised in the State Court Action." (ECF No. 7 at 3.) In the State Court Action, Bradford filed several counterclaims. US Bank moved for summary judgment on those counterclaims and the state court held:

> [Mr. Bradford]'s "Counterclaims" filed on December 5, 2008 are:
>
> "Breach of contract and failure to disclose certain facts about the note to [Mr. Bradford] related to said note[.]"
>
> "[US Bank's] certain mortgage deed, securing the payment of said promissory note [US Bank]'s Exhibit 'B' is not valid and is null and void due to breach of contract and unfair business practices by [US Bank]."
>
> "[Mr. Bradford] says that the condition in said mortgage have [sic] been broken by reason of breach of contract, failing to credit payments received in a timely fashion; failing to provide [Bradford] with clear information about timing and amount of payments owed; overcharging [Bradford] service and other fees, increasing and decreasing [Bradford's] interest rates without proper notice and in violation of [Bradford's] original mortgage note:"
>
> "[Mr. Bradford] never received a signed duplicate or copy of said promissory note [US Bank's] Exhibit 'A' or mortgage, [US Bank's] Exhibit 'B' and words and marks shown on [US Bank's] Exhibit 'B' were not made by or initialed by [Bradford]."
>
> "[Mr. Bradford] says that [US Bank's] Exhibit 'C' mortgage modification was coerced, that there was no proper follow up, and lack o f communication. Undo pressure are some [sic] of the reasons the modification is null and void and [Bradford] questions the legality of [US Bank's] actions relating to [US Bank's] Exhibit 'C'."
>
> . . . .
>
> [Mr. Bradford's] counterclaims fail to properly plead the elements of any cause of action. [Bradford] has failed to establish, either in his counterclaim or in his affidavit in support of his memorandum contra to [US Bank's] motion for summary judgment, any facts which support his counterclaims. Plaintiff is therefore entitled to judgment as a matter of law upon [Bradford's] Counterclaims.
>
> The Counterclaim[1] of Defendant Michael H. Bradford filed on December 5,

---

[1] The Court notes that the opinion here-quoted refers throughout to several counterclaims and then concludes by referring to the conglomerate of counterclaims as a single counterclaim.

2008 is hereby DISMISSED.

(ECF No. 7-1 at 3.)

In the instant action, Mr. Bradford filed a complaint with the assistance of counsel that alleges the following eleven claims for relief: (1) emergency temporary and injunctive relief against eviction, (2) breach of contract, (3) promissory estoppel, (4) Ohio Consumer Sales Practices Act violations, (5) fraud, (6) breach of the covenant of good faith and fair dealing, (7) bad faith, (8) abuse of process, (9) negligent supervision, (10) declaratory judgment, and (11) recision.

"Federal courts must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). Therefore, when asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Consequently, this Court looks to Ohio law to determine the preclusive effect of the prior state court judgment against plaintiff. *See City of Canton, Ohio v. Maynard*, 766 F.2d 236, 237-38 (6th Cir. 1985).

"Under Ohio law, the doctrine of *res judicata* consists of 'the two related concepts of claim preclusion, also known as *res judicata* or estoppel by judgment, and issue preclusion, also known as collateral estoppel.' " *Doe ex rel. Doe v. Jackson Local Schs. Sch. Dist.*, No. 10-3272, 422 Fed. Appx. 497, 499 (6th Cir. May 11, 2011) (quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59 (2007)). " 'Claim preclusion prevents subsequent actions, by the same

parties or their privies, based upon any claim arising out of a transaction that was the subject of a previous action.' " *Id.* (citations omitted). The doctrine also "bars subsequent actions whose claims 'could have been litigated in the previous suit[.]' " *Id.* (alteration in original and citation omitted). Issue preclusion or collateral estoppel, on the other hand, "prevents the 'relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies[,]' even if the causes of action differ." *Id.* (alteration in original and citations omitted). Defendants provide no specific analysis of either doctrine, making only the general statement that Mr. Bradford's claims were or could have been litigated in the State Court Action. Defendants appear then to be arguing that Bradford's claims are barred by the doctrine of claim preclusion. With that argument, this Court agrees.

The Sixth Circuit has interpreted Ohio's doctrine of claim preclusion as having four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (citing *Felder v. Cmty. Mut. Ins. Co.*, No. 96-3320, 1997 U.S. App. LEXIS 6622, 1997 WL 160373, at *3-4 (6th Cir. April 4, 1997)). The party asserting claim preclusion bears the burden of proof. *Abbott*, 474 F.3d at 331.

In the instant action, the first element is met because the state court granted US Bank summary judgment on Mr. Bradford's counterclaims in the State Court Action. Ohio courts have held that the grant of summary judgment terminates a party's claims on the merits. *See,*

*e.g., A-1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc.*, 97 Ohio App. 3d 623 (Ohio Ct. App. 1994). Bradford filed an untimely appeal of this final judgment, which was dismissed. Also, there is no dispute that this action involves the same parties as did the State Court Action, which satisfies the second element.

The fourth element is met because Mr. Bradford's claims in the instant action arose out of the same transaction or occurrence that was the subject matter of the State Court Action. "The Ohio Supreme Court has defined 'transaction' as a 'common nucleus of operative facts.' " *Hapgood*, 127 F.3d at 494 (quoting *Grava v. Parkman Township*, 73 Ohio St.3d 379 (1995)). In *Grava*, the Ohio Supreme Court explained:

> "That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief."

*Grava*, 73 Ohio St.3d at 382-83 (quoting Restatement (Second) of Judgments § 24 cmt. c (1982)). "It is irrelevant that the plaintiff, in the second action, is prepared to present evidence or theories of the case not offered in the first action, or that the plaintiff seeks remedies not previously demanded." *Hapgood*, 127 F.3d at 494 (citation omitted).

The third element of the claim preclusion analysis is also satisfied because Mr. Bradford did file or could have filed the claims presented to this Court as counterclaims in the State Court Action. Claim preclusion applies equally to mandatory counterclaims that were required to have been filed in the previous litigation between the parties. Ohio Rule of Civil Procedure 13(A) provides, in pertinent part, that:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction

8

or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Here, Mr. Bradford's claims all arise from the same transaction or occurrence and he was, therefore, required to assert them in the State Court Action. In an apparent attempt to evade preclusion of the instant action, Bradford indicates in the complaint that he "seeks money damages and injunctive relief as the result of the collective fraud of Defendants **before**, **during**, and **after** the prosecution of the [State Court Action], and in other respects including [US Bank's] faulty enforcement of a promissory note." (ECF No. 4 at 2) (emphasis in original). If the complaint did allege facts related to activity that occurred *after* the prosecution of the State Court Action, those facts certainly could not have been alleged in the State Court Action. The Court, however, has carefully reviewed each paragraph of the 91-paragraph complaint, prepared by Bradford's previous attorney, and nowhere in the complaint does Bradford assert any factual allegation relating to actions taken by US Bank, or any named defendant, *after* the prosecution of the State Court Action and/or entry of judgment in that action. Instead, each and every allegation pertains to activities that occurred before and during the prosecution of the State Court Action and specifically asks this Court to undo the judgment entered in that action. (ECF No. 4 at ¶ 88) ("Should this Court determine that [US Bank] is not the holder and owner of the note and mortgage, then this Court should declare the entire Foreclosure Action null and void and should set aside the judgment entered against [Bradford]." Of course, this Court cannot provide Bradford the relief he seeks.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss.

(ECF No. 7.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

    **IT IS SO ORDERED.**

                                        **/s/ Gregory L. Frost**
                                        **GREGORY L. FROST**
                                        **UNITED STATES DISTRICT JUDGE**